**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

GARY SMALLWOOD, *on behalf of himself and all others similarly situated*,

Plaintiff,

vs.

PROGRESSIVE AMERICAN INSURANCE COMPANY, an Ohio corporation, and PROGRESSIVE CASUALTY INSURANCE COMPANY, an Ohio corporation, doing business together as "Progressive Insurance,"

Defendants.

**Civil Action No._______**

**CLASS ACTION COMPLAINT**

Plaintiff, GARY SMALLWOOD ("Plaintiff" or "Mr. Smallwood"), on behalf of himself and all others similarly situated, sues Defendants, PROGRESSIVE AMERICAN INSURANCE COMPANY, an Ohio corporation, and PROGRESSIVE CASUALTY INSURANCE COMPANY, doing business together as "Progressive Insurance" (hereinafter collectively "Defendants" or "Progressive"), and alleges:

## I. PRELIMINARY STATEMENT

1. This is an action for damages based upon Defendants' unlawful conduct and violation of Plaintiff's privacy rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. Progressive is an auto insurance company that had an auto policy with Plaintiff's roommate, Ricardo Zanin ("Mr. Zanin") and ending in policy number xxxx ("Zanin Policy").

3. Defendants obtained one or more consumer reports of Plaintiff from LexisNexis, a consumer reporting agency ("Lexis"), without a permissible purpose under the FCRA. Upon information and belief, Defendant obtained Plaintiff's consumer reports to determine whether to

change the Zanin Policy to add Plaintiff as an additional insured to the Zanin Policy and to increase the premium of Mr. Zanin accordingly.

4. After Plaintiff obtained a copy of his credit file from Lexis, he learned that Defendants had also falsely and inaccurately reported to Lexis that he had a policy of insurance with Defendants. This was false. Plaintiff did not have a policy of insurance with Defendants.

5. When Plaintiff exercised his rights under the FCRA to dispute the false and inaccurate reporting of Defendants on his Lexis consumer report, Progressive responded to Lexis by verifying that Plaintiff had requested or applied to be an insured or that an agreement with Progressive for a policy of insurance existed.

6. As a result of Defendants' wrongful acts as to the credit files of Plaintiff and others similarly situated, Plaintiff and the class he seeks to represent have suffered an invasion of privacy and other damages as set forth below.

7. Plaintiff and all others similarly situated have suffered concrete harm as a result of Defendants' violation of the FCRA.

## II. JURISDICTION & VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Defendants are registered to do business in this District and regularly do business in this District.

9. Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b).

## III. THE PARTIES

10. Plaintiff is a natural person and resident of Florida. At all relevant times, he was a "consumer" under the FCRA.

11. Progressive is an Ohio insurance company that regularly conducts business throughout the United States, including within the Northern District of Ohio, and maintains its principal place of business in this District.

## IV. FACTUAL ALLEGATIONS

12. Mr. Smallwood lives in Fort Lauderdale, Florida.

13. Mr. Smallwood resides at xx NE xx Court, Apartment xxx, Wilton Manors, Florida 33305 ("Apartment").[1]

14. Mr. Smallwood resides at the Apartment with his roommate, Mr. Zanin.

15. Both Plaintiff and Mr. Zanin own and use separate vehicles which are insured by different insurance carriers.

16. Neither Plaintiff nor Mr. Zanin drive the other's vehicle.

17. Through mid-2025, the vehicle of Mr. Zanin was insured by Progressive under the Zanin Policy with a term that started on July 22, 2024.

18. On March 18, 2025, Progressive sent to Mr. Zanin a written communication entitled "Auto Insurance Coverage Summary" ("Zanin Declarations Page").

19. A copy of the Zanin Declarations Page is attached hereto as Exhibit "A."

20. Pursuant to the Zanin Declarations Page, Progressive informed Mr. Zanin that Progressive had increased his six-month premium to $14,724.36 from the original premium renewal of $1,252.00 bi-annually.

21. Pursuant to the Zanin Declarations Page, Progressive also informed Mr. Zanin that the following changes to the insurance policy of Mr. Zanin had been made unilaterally by Progressive:

---

[1] Redacted for Plaintiff's privacy.

- that "Gary N. Smallwood has been added to the policy"; and
- that "the three-year safe driving discount has been removed from your policy."

22. When Mr. Zanin received the Zanin Declarations Page, Mr. Zanin contacted Progressive to find out the reason, if any, for the substantial increase in the insurance premium and why Progressive chose to unilaterally place Mr. Smallwood on the insurance policy of Mr. Zanin.

23. Progressive advised Mr. Zanin that the actions taken by Progressive were a result of his roommate having a bad driving record.

24. In response to the inquiry by Mr. Zanin, Progressive sent a two-page document to Mr. Zanin entitled "Driving History" ("Smallwood Driving History Report").

25. A copy of the Smallwood Driving History Report is attached hereto as Exhibit "B."

26. Through the Smallwood Driving History Report, Progressive informed Mr. Zanin that Progressive had acquired a claims history from the "Comprehensive Underwriting Exchange" CLUE" ("CLUE Report"). Lexis issues such CLUE reports.

27. Through the Smallwood Driving History Report, Progressive informed Mr. Zanin that it had considered the driving history of his roommate- Mr. Smallwood- in determining the premium of Mr. Zanin.

28. In underwriting insurance policies, including that of Mr. Zanin, Defendants use CLUE reports generated by Lexis.

29. CLUE Reports generally contain up to seven years of personal auto, home and personal property claims information on consumers.

30. In October 2025, Mr. Smallwood obtained a copy of his CLUE consumer report published by Lexis.

31. In reviewing the report, Mr. Smallwood noticed that Defendants falsely reported to Lexis that he was on the insurance policy of Mr. Zanin as of March 18. 2025 under Policy No. 977317571AA092402 ("Zanin Insurance Policy Entry").

32. A copy of the Zanin Insurance Policy Entry as published by Lexis is attached hereto as Exhibit "C."

33. Mr. Smallwood had never applied for or obtained any insurance whatsoever from Progressive.

34. Mr. Smallwood further noticed that Defendants requested and obtained a copy of Plaintiff's CLUE consumer report from Lexis on two occasions on March 18, 2025.

35. A copy of the inquiry entries from Plaintiff's CLUE consumer report reflecting Defendants' requests is attached hereto as Exhibit "D."

36. Mr. Smallwood did not authorize Defendants to pull his consumer report. He did not apply for or initiate any transaction with Defendants. He did not have an insurance policy with Defendants at the time Defendants requested and obtained the consumer reports from Lexis. Defendants did not have a permissible purpose under the FCRA to request and obtain Plaintiff's consumer report from Lexis.

37. After learning that Defendants were reporting the Zanin Insurance Policy on his CLUE Report, Mr. Smallwood disputed the false and derogatory information concerning the Zanin Insurance Policy and the inquiries by Defendants ("Request for Reinvestigation") to Lexis.

38. Despite the dispute by Plaintiff, Defendants did not evaluate or consider any of the information, claims or evidence of Mr. Smallwood and did not make any attempt to substantially reasonably verify that the derogatory information with respect to the Insurance Policy and the inquiries by Defendants was inaccurate.

39. Defendants failed to conduct a reasonable reinvestigation of Plaintiff's dispute and failed to comply with the reinvestigation requirements of 15 U.S.C. § 1681i.

40. As a result of the conduct, actions and inaction of the Defendants, Mr. Smallwood suffered actual damages in the form of additional insurance expense, as well as extreme mental anguish and emotional distress, humiliation, and lost time and damage to Plaintiff's credit and reputation for credit and insurance worthiness.

41. The conduct, actions and inaction of Defendants were willful, rendering said Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

## V. CLASS ACTION ALLEGATIONS

42. Plaintiff brings this action as a national class action pursuant to Fed. R. Civ. P. 23(b)(1) and (b)(3) on behalf of the following classes:

**Impermissible Access Class**

All persons (a) with an address in the United States (b) whose consumer report as defined by 15 U.S.C. § 1681a(d) was furnished to Progressive by Lexis , (c) within the two years preceding the filing of this action through the date of final approval, (d) for the purpose of determining whether to add the person to the insurance policy of a third-party insured of Progressive (e) who did not give permission to Progressive to access such consumer report and (f) who had no current business relationship with Progressive.

**Dispute Class**

All natural persons that: (1) in the two years prior to the filing of this lawsuit (2) submitted a dispute to Lexis that Progressive was reporting an insurance policy that the person had not requested or had applied to be an insured or had entered into an agreement with Progressive for a policy of insurance; (3) where Progressive's records indicate that the person had not requested or applied to be an insured or entered into an agreement with Progressive; (4) where Progressive's records indicate that Progressive made the person an insured on the reported policy because Progressive believed that the person was a member of the household of a third-party who had a pre-existing policy of insurance through Progressive; and (5) Progressive responded to the

dispute by verifying that the person had requested or applied to be an insured or had an agreement with Progressive for a policy of insurance existed.

43. Excluded from the Classes are: Defendants' officers, directors, employees, legal representatives, successors, assigns, and any individual who at any time during the class period has had a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family and staff; and all persons who may submit timely and proper requests for exclusion from the Class.

44. Plaintiff reserves the right to modify the Class, add subclasses, and modify the class period as discovery is conducted.

45. The Class is so numerous that joinder of all class members is impractical. While the exact number of Class members is unknown, it is estimated that there are hundreds, if not more, potential Class members in the Class given the high volume of accounts upon which Defendants collect and request consumer reports.

46. There are questions of law and fact common to the Class including (i) whether Defendants requested and obtained consumer reports on the Class Members; (ii) whether Defendants willfully violated the provisions of 15 U.S.C. § 1681b; and (iii) whether Plaintiff and the Class members are entitled to recover damages.

47. Plaintiff's claims are typical of the claims of the members of the Class because all members of the Class suffered invasion of privacy and similar damages arising from Defendants' impermissible pull of their consumer reports.

48 Plaintiff will fairly and adequately protect the interests of the members of the Class.

49. Plaintiff has retained counsel competent and experienced in this type of litigation and Plaintiff has no interests antagonistic to or in conflict with the other members of the Class.

50. Because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for Class members to seek redress for the wrongs done to them. No unusual difficulties are likely to be encountered in the management of this class action. The Class members can be identified through Defendants' records.

51. Prosecuting separate actions by Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class. Doing so would also create a risk of adjudications with respect to individual Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

52. There are questions of law and fact common to the members of the Class which predominate over any questions affecting any individual class members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## INJURIES-IN-FACT

53. Defendants' act of requesting and obtaining consumer reports was an invasion of the privacy of Plaintiff and the Class members, and the Class members have suffered an injury-in-fact sufficient to establish Article III standing. Defendants' failure to properly reinvestigate the disputes of Plaintiff and the Class members resulted in an injury-in-fact because it prolonged the false and inaccurate reporting on their credit files and cause them to incur wasted time, effort, and expense to make such disputes only to have them ignored or otherwise improperly handled by Defendants.

## CAUSES OF ACTION

**COUNT ONE:**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681, *et. seq*.**
**(Impermissible Access Class)**

54. Plaintiff realleges and reincorporates herein by reference the allegations of paragraphs 1 through 53 as though fully set forth herein.

55. Section 1681b(a) of the FCRA provides that a consumer reporting agency may furnish a consumer report to a third-party solely under the circumstances listed thereunder. Section 1681b(f) of the FCRA prohibits any person from using or obtaining "a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished" under Section 1681b of the FCRA.

56. The purpose for which Defendants requested a copy of the consumer report from LexisNexis of Plaintiff and members of the Impermissible Access Class from Lexis was to underwrite an insurance policy for a third party in contravention of Section 1681b(a) of the FCRA

57. Defendants' conduct was an invasion of the privacy rights of Plaintiff and the members of the Impermissible Access Class.

58. Defendants' violation of the FCRA was willful, giving rise to liability under 15 § 1681n.

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and the Classes:

a. That the Court certify the Impermissible Access Class pursuant to Fed. R. Civ. P. 23;

b. Appoint the undersigned as counsel for the of the Impermissible Access Class;

c. Enter judgment against Defendants and in favor of Plaintiff and of the Impermissible Access Class for statutory and punitive damages in an amount to be proven at trial as well as reasonable attorney fees and costs;

d. Award prejudgment and post-judgment interest at the maximum statutory rate; and,

e. Such other relief, legal or equitable, as the Court deems just and proper.

**COUNT TWO:**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681, *et. seq*.**
**(Dispute Class)**

59. Plaintiff realleges and reincorporates herein by reference the allegations of paragraphs 1 through 58 as though fully set forth herein.

56. Plaintiff and the members of the Dispute Class are "consumer(s)," as defined by the FCRA, 15 U.S.C. § 1681a(c).

60. The reports of Plaintiff and the members of the Dispute Class which were sold to Defendants are "consumer report(s)" within the meaning of 15 U.S.C. § 1681a(d).

61. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

62. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from consumers such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

63. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from

a furnisher such as Defendants must report the results to other agencies which were supplied such information.

64. Defendants violated 15 U.S.C. §1681s by the publishing false, misleading and inaccurate information as to the insurance policies of Plaintiff and the members of the Dispute Class; by failing to fully and improperly investigate the dispute of Plaintiff and the members of the Dispute Class with respect to the insurance policies of Plaintiff and the members of the Dispute Class; by failing to review all relevant information regarding same and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

65. As a result of the conduct, action and inaction of Defendants, Plaintiff and the members of the Dispute Class suffered damage for the loss of the ability to procure insurance, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

66. The conduct, action and inaction of Defendants were willful, rendering Defendants liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §1601n.

67. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1601n.

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and the Classes:

a. That the Court certify the Dispute Class pursuant to Fed. R. Civ. P. 23;

b. Appoint the undersigned as counsel for the Dispute Class;

c. Enter judgment against Defendants and in favor of Plaintiff and the Dispute Class for statutory and punitive damages in an amount to be proven at trial as well as reasonable attorney's fees and costs;

d. Award prejudgment and post-judgment interest at the maximum statutory rate; and,

e. Such other relief, legal or equitable, as the Court deems just and proper

**TRIAL BY JURY**

Plaintiff and the Class are entitled to and hereby request a trial by jury.

Dated: December 4, 2025

Respectfully submitted,

*/s/Robert W. Murphy*

Robert W. Murphy, Esq.
ND Ohio No. FL717223
LAW OFFICE OF ROBERT W. MURPHY
440 Premier Circle, Suite 240
Charlottesville, Virginia 22901
(434) 328-3100 / (954)763-8660
rwmurphy@lawfirmmurphy.com

John A. Love, Esq.
ND Ohio No. GA459155
LOVE CONSUMER LAW
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
(404) 855-3600
tlove@loveconsumerlaw.com
*Counsel for Plaintiff*